## * * § 362 INFORMATION COVER SHEET * *

DEBTOR: Carl J. Morony
Case No: 13-10310
MOTION #: 
MOVANT: City of Tulsa, Oklahoma
CHAPTER: 11

**Certification of Attempt to Resolve the Matter Without Court Action:**

Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.

Date: 1/24/13       Signature: /s/Louis M. Bubala III
                                *Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: 115 E. 5th St., Tulsa, OK aka Tulsa Club Bldg.
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ☐ ;
DATE OF SERVICE: 1/24/13

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st @$47,334.11, 8/28/12, City of Tulsa | 1st |
| 2nd $47,696.99 + int. since 7/10/12, Wiggins | 2nd |
| 3rd @$415,710.94, 8/28/12, City of Tulsa | 3rd |
| 4th $31,678.48 + int. since 7/10/12, CPOA | 4th |
| Other: Based on Edmiston Decl Exs 5-6 | Other: |
| Total Encumbrances: @$542,420.52 | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: $450k by sheriff, $512k by assessor, Edmiston Decl. ¶¶15, 20 & Exs. 7, 10 | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S): | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT: |
|---|---|
| Amount of Note: N/A | . |
| Interest Rate: 5.25 1st lien; OK law, 3d lien | . |
| Duration: | . |
| Payment per Month: | . |
| Date of Default: | . |
| Amount in Arrears: | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: Based on statutory liens and judgments | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: /s/ Louis M. Bubala III  Louis M. Bubala III, Esq. | SUBMITTED BY: SIGNATURE: |

LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: 775.322.7400
Facsimile: 775.322.9049
Email: lbubala@armstrongteasdale.com

Attorneys for City of Tulsa

ELECTRONICALLY FILED ON
January 24, 2013

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>CARL J. MORONY,<br><br>Debtor. | Case No.: BK-N-13-10310-BTB<br><br>Chapter: 11<br><br>**MOTION TO DETERMINE THE AUTOMATIC STAY IS INAPPLICABLE OR FOR RELIEF FROM AUTOMATIC STAY, WITH CERTIFICATE OF SERVICE**<br><br>**Hearing Date: OST Requested**<br>**Hearing Time: OST Requested** |

The City of Tulsa ("City") is a judgment creditor against Debtor Carl J. Morony. It seeks an order that the automatic stay from his bankruptcy filing does not apply to the City's pursuit of its rights against real property securing the debt, since the real property is owned by a third-party. Alternatively, the City moves to terminate the stay so it may proceed with its collection efforts.

The underlying dispute came before this court in the related case, *In re Shamrock Asset Holdings, LLC*, Case No. BK-N-12-52008-btb (Bankr. D. Nev.). The City obtained its judgment against Mr. Morony for unpaid assessments he owed for the Tulsa Club Building[1] that he owned personally at the time of the assessments. The judgment was recorded, and a sheriff's sale scheduled. However, in the days leading up to the sale, Mr. Morony created Shamrock, transferred the Tulsa Club Building to Shamrock, and filed a bankruptcy petition for Shamrock. As a result, the Tulsa County Sheriff refused to proceed with the sale of the property. The City moved for stay

---

[1] S75 LT 3, BLK 137 TULSA-ORIGINAL TOWN in Tulsa County, Oklahoma, commonly known as 115 East Fifth Street in Tulsa, Oklahoma, and commonly referred to as the Tulsa Club Building.

relief. After continuing the hearing at Debtor's request, the court granted stay relief for cause under Section 362(d)(1), for lack of equity and lack of necessity for reorganization under Section 362(d)(2), and for unauthorized transfer of property to interfere with the secured creditor's rights under Section 362(d)(4). A copy of the City's motion is attached as **Exhibit 1**, as are the supporting declaration of Kevin Cox as **Exhibit 2**, the supporting declaration of Robert R. Edmiston as **Exhibit 3**, and the order as **Exhibit 4**.

The City recorded the order terminating the stay, and the Tulsa County Sheriff rescheduled the sale. The recorded order is attached as **Exhibit 5**, and the sale notice is attached as **Exhibit 6**. However, Mr. Morony personally filed for bankruptcy the day before the sale, prompting the sheriff once again to vacate the scheduled sale date of the Tulsa Club Building. The City asserts that the automatic stay under 11 U.S.C. § 362 in Mr. Morony's case is not applicable.

First, the court previously terminated the stay in the Shamrock case under Section 362(d)(4), which specifically provides that the order terminating the stay "shall be binding in any other case under this title purporting to affect such real property filed not later than two years after the entry of such order by the Court." That order was entered November 14, 2012. Mr. Morony's bankruptcy petition was filed on January 14, 2013. Mr. Morony's case was filed two months after the order terminating the stay was entered, so the order in Shamrock applies and there is no stay from Mr. Morony's case as it related to the City's rights against the Tulsa Club Building. 11 U.S.C. § 362(b)(20).

Second, the Tulsa Club Building is not owned by Mr. Morony, so it is not property of his personal bankruptcy estate and is not subject to the automatic stay under Section 362. It is undisputed that Mr. Morony transferred the property to Shamrock. *See* Ex. 1, Edmiston Decl. at Exhibit 8, General Warranty Deed from Morony to Shamrock; *see also* Shamrock Ct. Dkt. # 22, Sch. A, listing Tulsa Club Building as Shamrock's real property. Since the Tulsa Club Building is not property of his personal bankruptcy estate, there is no stay from his case that prevents the City from pursuing its rights against property belonging to a third-party.

Even if the Court were to find the stay in Mr. Morony's case to be applicable, the City requests that it be terminated for similar reasons identified in its motion in the Shamrock case.

Cause exists to terminate the stay based on Mr. Morony's shenanigans in his management of the property, both before the transfer and with the transfer. 11 U.S.C. § 362(d)(1). There is no equity in this property, and it is not necessary for his reorganization since he does not own the property. 11 U.S.C. § 362(d)(2). Finally, Mr. Morony transferred the property without the consent of the City (a secured creditor) in an attempt to interfere with the City's rights. 11 U.S.C. § 362(d)(4).

Mr. Morony's conduct has significantly interfered with the City's right. The sheriff's sale was originally scheduled for August 28, 2012. It was vacated by Shamrock's bankruptcy filing on August 27, 2012. Once the stay was terminated by order on November 14, 2012, the sheriff rescheduled the sale approximately 60 days later for January 15, 2013. Mr. Morony again managed to vacate the sale date by filing his own petition on January 14, 2013. If this court finds that the stay in his case is not applicable or should be terminated, the sheriff still not reschedule the sale until approximately 60 days after the entry of that order. Thus, it is probable that the sale will not occur until mid-April 2013 at the earliest, approximately eight months and two bankruptcies after the originally scheduled sale date. Mr. Morony has manipulated the bankruptcy system for his benefit, and he should not be allowed to continue to do so.

1. The Stay Is Not Applicable

    a. The Tulsa Club Property is not Property of the Estate

The bankruptcy automatic stay applies to actions "against the debtor." 11 U.S.C. 362(a)(1), 362(a)(6). The Ninth Circuit has repeatedly held that based on the statutory language, the stay in one case does not apply to actions against parties who are not debtors in that case. *E.g., In re Excel Innovations, Inc.*, 502 F.3d 1086, 1095 (9th Cir. 2007). Although the Bankruptcy Code extends the automatic stay to protect co-obligors in cases under Chapters 12 and 13, those statutes are not applicable in Chapter 11. *E.g., Nevada Nat'l Bank v. Casgul of Nev., Inc. (In re Casgul of Nev., Inc.)*, 22 B.R. 65, 66 (BAP 9th Cir. 1982). In the present dispute, the Tulsa Club Building is owned by Shamrock. The property is not owned by Mr. Morony. Therefore, the stay in his case is not applicable to prevent the City from pursuing its rights on the debt owed by Mr. Morony, by pursuing its rights against the Tulsa Club Building owned by Shamrock.

b. <u>The Shamrock Order for Stay Relief Remains Effective in Mr. Morony's Case</u>

In *Shamrock*, the City moved for and received relief under Section 362(d)(4). The Bankruptcy Court found that the filing of Shamrock's petition was part of a scheme to delay, hinder or defraud creditors involving transfer of interest in the Tulsa Club Building without the consent of the City as a secured creditor. Exhibit 1-4, Motion, Declarations & Order. This order "shall be binding in any other case under this title purporting to affect such real property filed not later than two years after the entry of such order by the Court." 11 U.S.C. § 362(d)(4). This provision is effective if the order is recorded, *id.*, and it was before Mr. Morony filed his bankruptcy petition. Exhibit 5, Recorded Order.

Congress further specified the expansive scope of stay relief under Section 362(d)(4) by adding additional language in 2005 with Section 362(b)(20): "The filing of a petition … does not operate as a stay … of any act to enforce any lien against or security interest in real property <u>following entry of the order under subsection (d)(4) as to such real property in any prior case</u> under this title, for a period of 2 years after the date of the entry of such an order." The BAP immediately recognized this as "a new statutory exception to the automatic stay in the later case." *Johnson v. THE Holdings, LLC (In re Johnson)*, 346 B.R. 190, 197 (BAP 9th Cir. 2006).

Judge Olack applied this provision in declining to apply the stay in a second case when the debtor in her first case already had consented to stay relief under Section 362(d)(4). *In re Grinstead*, Case No. 09-50810-NPO, 2009 WL 2499610 (Bankr. S.D. Miss. Aug. 14, 2009). The debtor dismissed her first case, then refiled and sought to prevent foreclosure with a new plan that cures the default. The Court held "the Debtor cannot utilize the provisions of § 1322 with respect to the Creditor whose actions are not stayed by the present case. To hold otherwise would eviscerate the 'once lifted, always lifted' doctrine as modified by § 362(b)(20) and create an absurd result. If what [debtor's counsel] argues were the law, an order terminating stay would be rendered meaningless because faced with an order terminating stay, all a Debtor would have to do to have a stay reimposed would be to dismiss one case and then file a new chapter 13 petition. This Court declines to reach a

result so contrary to the intent of the Bankruptcy Code." *Id.* at *4.[2]

Although Judge Olack's case involved the same debtor in both cases, the plain language of Section 362(d)(4) and 362(b)(20) are explicit that it does not matter whether the second case is filed by the same petitioner or different petitioners. Section 362(d)(4) orders are often referred to as "in rem" orders since the statute provides they "shall be binding <u>in any other case</u> under this title <u>purporting to affect such real property</u>." Similarly, the exception to the automatic stay under Section 362(b)(20) applies to Section 362(d)(4) orders entered "in any prior case." Both provisions apply in "any" case. There is no requirement that the second case be filed by the same person or entity who filed the first case. *Collier* implicitly recognizes that there may be two different petitions with its discussion of the applicability of the provisions in cases involving the transfers of partial interests in real property. 3 *Collier on Bankruptcy* ¶ 362.05[19][a] (16th ed. 2012).

The Court already entered its order in *Shamrock* terminating the automatic stay as to the Tulsa Club Building. Mr. Morony filed his own bankruptcy petition two months later. Apparently because Mr. Morony is the judgment debtor in the judgment recorded against the Tulsa Club Building, he seeks the benefit of the automatic stay in his case to prevent the sheriff's sale of the Tulsa Club Building. However, the stay as to the Tulsa Clun Building already was terminated with a Section 362(d)(4) order in *Shamrock*. Any stay in Mr. Morony's case as to the Tulsa Club Building never arose based on Section 362(b)(20).

2.  <u>If the Stay Is Applicable, It Should be Terminated</u>

The below argument summarizes the facts and arguments presented in the City's motion for stay relief and supporting declarations filed in the Shamrock case. Exhibits 1-3. Certain additional developments are noted below.

---

[2] The opinion states that "§ 362(b)(20) does not appear to apply." *Id.* However, based on the context as one continues to read the same paragraph, this statement does not refer to the continued termination of the stay in the second case. The opinion refers to the provision in Section 362(b)(20) that permits the reinstatement of the stay in certain circumstances upon a motion from the debtor in the second case. The debtor did not make such a motion to Judge Olack, and it appears he meant that the reinstatement provision was not applicable. Although Shamrock moved for reconsideration of the orders terminating the stay and dismissing the case, it does not satisfy the standards. The City addresses those points in separate briefs in the Shamrock case.

a. <u>Cause Exists based on Mr. Morony's Conduct with this Property</u>

The Tulsa Club Building has been vacant since before 1997, and it was owned since that time by Mr. Morony (until he transferred it to Shamrock in 2012). The City declared it a public nuisance in 2007 due to numerous code violations, and it has suffered several fires in recent years. Mr. Morony failed to abate the code violations or pay property assessments, resulting in judgments against him and liens against the property. Nothing ever came of Mr. Morony's attempts to develop or sell the property. Due to the ongoing hazards with the building and its detrimental effect on the community, the City exercised its rights to foreclose on the property with a sheriff's sale scheduled for August 28, 2012.

The sale was stayed due to Mr. Morony's maneuvers in the days before the sale. Although he had no readily identifiable connection with Nevada at the time,[3] Mr. Morony filed papers to create Shamrock Asset Holdings, LLC, a Nevada limited liability company, on August 24, 2012. On the same day, he executed a general warranty deed to transfer the property from himself to Shamrock. The deed was recorded with Tulsa County three days later. Finally, Mr. Morony, as manager of Shamrock, filed a Chapter 11 petition for the LLC on August 27, 2012, the day before the scheduled sale. The automatic stay prevented the sheriff from conducted the scheduled sale.

Once the Shamrock stay was terminated, Mr. Morony waited for the sheriff to reschedule the sale in approximately 60 days, personally filed for bankruptcy on the 59th day, and persuaded the sheriff that the automatic stay in his own case required the vacation of the new sale date.

Cause exists to terminate the stay under Section 362(d)(1). Mr. Morony created a new business entity, transferred the property to the business entity and filed a bankruptcy petition half way across the country on the eve of foreclosure. Mr. Morony transferred the property and filed the petition in bad faith in an attempt to avoid the foreclosure sale. Once that stay was terminated, Mr. Morony personally filed for bankruptcy even though he no longer owned the Tulsa Club Building. There was no basis for his to assert that the stay in his case should require the vacation of the sheriff's sale, yet he persuaded the sheriff to vacate the sale based on his bankruptcy. These efforts

---

[3] Based on the creation of Shamrock as a Nevada limited liability company, it is at least arguable that Mr. Morony now may have a basis to file his personal bankruptcy in Nevada. *See* 28 U.S.C. § 1408.

constitute cause for relief from the automatic stay. 3 *Collier on Bankruptcy* ¶ 362.07[3][a] & n.14 (16th ed. 2011), *citing In re Laguna Assocs. L.P.*, 30 F.3d 734 (6th Cir. 1994), and *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir. 1989).

Cause also exists because of a lack of adequate protection. Mr. Morony failed to make assessment payments owed on the Tulsa Club Building dating back to at least 2000. He has made no effort to abate the code violations on the property or pay the penalties arising from them, resulting in a judgment of more than $463,045.05 as of August 28, 2012, against him and secured by the Tulsa Club Building. Moreover, the property has been vacant since before 1997 and cannot be occupied because of the code violations and subsequent fires on the property. Finally, the debts secured against the property approximate $550,000, between the City's claims and the secured judgments held by two third parties. This secured debt exceeds the appraised value of $450,000 utilized by the Tulsa County Sheriff's Office and the fair market value of $511,900 used by the Tulsa County Assessor's Office.

b.  <u>Mr. Morony Has No Equity, and It Is Not Necessary for His Reorganization</u>

There is no equity in the property, as discussed above. 11 U.S.C. § 362(d)(2)(A). The Tulsa Club Property also is not necessary for Mr. Morony's reorganization since he does not own the property. 11 U.S.C. § 362(d)(2)(B).

c.  <u>The Tulsa Club Building was Transferred Without Consent to Delay, Hinder or Defraud the City's Rights</u>

Section 362(d)(4) was added in 2005. It states:

> The court shall grant relief from the stay … with respect of an act against real property … by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder or defraud creditors that involved … transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval.

This provision applies to this case. The City was in the process of conducting a foreclosure sale against the Tulsa Club Building. The City is secured by liens from Mr. Morony's failure to pay assessments owed for the property and judgments recorded against the property. Given Mr. Morony's history of failure to comply with the code requirements, refusal to abate code violations,

failure to pay any of the judgments, and repeated failed efforts to develop or sell the property, his transfer of the property to Shamrock on the eve of foreclosure is part of his scheme to delay, hinder or defraud creditors.  Mr. Morony's subsequent personal bankruptcy, also on the eve of the newly scheduled sheriff's sale, is further evidence of his intent to delay, hinder or defraud the City in execution of its rights as a secured creditor.

To be clear, the City did not consent to the transfer of the property.  *See In re Dorsey*, 476 B.R. 261, 268-70 (Bankr. C.D. Cal. 2012) (holding relief only requires showing of absence of secured party's consent), *disagreeing with In re Duncan & Forbes Dev. Inc.*, 368 B.R. 27, 37 (Bankr. C.D. Cal. 2006) (holding that relief requires showing secured party's rights to exercise consent to transfer).

The City requests that the Court enter an order granting its motion with an order holding that that the bankruptcy automatic stay in these cases does not stay the City's efforts to collect against the Tulsa Club Building owned by Shamrock.  Alternatively, the City requests the Court enter an order terminating the automatic stay as to its efforts to collect against the property of Shamrock.

Dated this 24th day of January, 2013

ARMSTRONG TEASDALE LLP

By: /s/Louis M. Bubala III
LOUIS M. BUBALA III, ESQ.

Attorneys for City of Tulsa

**CERTIFICATE OF SERVICE**

On January 24, 2013, I served the following document(s):

**MOTION TO DETERMINE THE AUTOMATIC STAY IS INAPPLICABLE OR FOR RELIEF FROM AUTOMATIC STAY, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

LOUIS M. BUBALA on behalf of Creditor CITY OF TULSA, OKLAHOMA
lbubala@armstrongteasdale.com, bsalinas@armstrongteasdale.com

TIMOTHY P. THOMAS on behalf of Debtor CARL MORONY
TTHOMAS@TTHOMASLAW.COM, veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

■ b. **United States mail, postage fully prepaid** (list persons and addresses):

Carl J. Morony
6 E. 5th St., Ste. LL3
Tulsa, OK 74103

Shamrock Asset Holdings, LLC
Attn: Timothy P. Thomas, Esq.
8670 W. Cheyenne Ave. #120
Las Vegas, NV 89129

Central Park Owners Association, Inc.
406 S. Boulder, Ste. 400
Tulsa, OK 74103

Wiggins Properties, Inc.
525 S. Main, Ste. 660
Tulsa, OK 74103

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 24th day of January, 2013.

| Barbara Salinas | /s/ Barbara Salinas |
|---|---|
| Name | Signature |