LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: 775.322.7400
Facsimile: 775.322.9049
Email: lbubala@armstrongteasdale.com

Attorneys for City of Tulsa

ELECTRONICALLY FILED ON
January 29, 2013

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CARL J. MORONY,<br><br>Debtor. | Case No.: BK-N-13-10310-BTB<br><br>Chapter: 11<br><br>**RESPONSE TO ORDER TO SHOW CAUSE, WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date: 02/05/2013<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom #4, Second Floor, 300 Las Vegas Boulevard South, Las Vegas, Nevada. |

Although the order to show cause is premised on Debtor's failure to obtain prepetition credit counseling, the City of Tulsa files this response to address the implications of a potential dismissal.

Mr. Morony acted in bad faith and manipulated the bankruptcy system to his advantage by filing two bankruptcy petitions that stopped sheriff's sales of the Tulsa Club Building. If his case is dismissed, Mr. Morony should be enjoined for 180 days from filing any additional cases for himself or any special purpose entity that acquires Mr. Morony's property during that period. 11 U.S.C. §§ 105, 109(g), 349(a). To the extent that the Court requires additional briefing or hearing before issuing an injunction, the Court should keep this case pending and grant the City relief from the automatic stay to complete the sheriff's sale and to dispossess Shamrock and/or Mr. Morony from any possessory interest in the Tulsa Club Building.

Alternatively, the stay should be terminated to permit the City to proceed against the Tulsa Club Building, with the dismissal order deferred until after completion of the sale. This is the procedure approved of by the Court in the Shamrock case, with the Court noting that it "serves as

something of an impediment to someone filing another bankruptcy" to stop the sale again. Mr. Morony, who attended the Shamrock hearing, circumvented that point by filing his own bankruptcy and invoking the stay in his case to persuade the sheriff to cancel the rescheduled sale.

As a final alternative, the Court should retain jurisdiction, require Mr. Morony to file his schedules and statements, and appoint a Chapter 11 trustee or convert the case to Chapter 7. It is admitted that Mr. Morony filed his petition to stop the sale of the Tulsa Club Building, even though he no longer owns the property. He achieved that goal when the sheriff cancelled the sale, and he has taken no further steps to prosecute this case. If this case is dismissed without the conditions requested above, the City expects that on the eve of the next scheduled sheriff's sale, Mr. Morony will file a third bankruptcy petition. The petition might be filed in Nevada, but is just as likely to be filed in California where he lives or in Oklahoma where the property is. Such a filing will further delay the sheriff's sale and increase the City's costs, all without a good-faith basis for the filing. Mr. Morony has abused the judicial system, and he should not be allowed to continue to manage his affairs to the detriment of the City and his other creditors. Mr. Morony's gamesmanship should constitute the exigent circumstances under Section 109(h) to retain his bankruptcy case. He has admitted himself to bankruptcy court, and he should not be released freely to the detriment of creditors.

**LEGAL STANDARD**

The Bankruptcy Court "for cause" may modify the effect of the dismissal of a bankruptcy case. 11 U.S.C. § 349(a); *see Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999). "Inherent in this authority is the power to bar subsequent bankruptcy petitions that seek to discharge such debt." *Leavitt v. Soto (In re Leavitt)*, 209 B.R. 935, 942 (BAP 9th Cir. 1997), *aff'd*, 171 F.3d 1219 (9th Cir. 1999). "Furthermore, cases which have looked to <u>the legislative history of § 349 note that it was intended to provide courts with authority to control abusive filings</u> 'beyond the limits of § 109(g)' even in the case where the bankruptcy court <u>enjoined the filing by a debtor of any case under Title 11 for a period greater than 180 days</u>." *Id.* & n.15 (emphasis added; citing cases); *see also In re Robertson*, 206 B.R. 826 (Bankr. E.D. Va. 1996) (holding that injunction under Section 349 may be entered without adversary proceeding).

The standard for cause to modify the terms of dismissal looks, in turn, to the standard for cause for dismissal. *Leavitt*, 171 F.3d at 1224. Cause under Section 1112(b)(4) is illustrative of cause, not exhaustive. *In re Products Int'l Co.*, 395 B.R. 101, 109 (Bankr. D. Ariz. 2008). "[T]he Court should consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases. Moreover, courts have wide discretion in determining what constitutes such cause." *Id.* (quotation & citation omitted). In *Leavitt*, a Chapter 13 case, the bankruptcy court considered four factors: (1) whether the debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, or filed his petition in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. 171 F.3d at 1224.

Bankruptcy Code Section 109(g) also addresses dismissal and an potential injunction against refiling: "[N]o individual … may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." 11 U.S.C. § 109(g)(1).

Finally, the Bankruptcy Court is empowered to protect the sanctity of proceedings before it. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). *See also Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) (discussing court's inherent powers to manage its own affairs).

**ARGUMENT**

The facts of this case support an injunction. As discussed and supported in the City's motion for relief from the automatic stay and the supporting papers, Mr. Morony's conduct establishes cause under Section 349, as well as the necessary grounds under Section 109(g), Section 105, and the Court's inherent power.

Mr. Morony owned the Tulsa Club Building since at least 1997 until days before filing the

Shamrock bankruptcy. The property has been vacant the entire time, cited for numerous code violations, damaged by fire, and declared a nuisance by the City. Just days before the City sought to complete a sheriff's sale of the building, Mr. Moroney created Shamrock, transferred the property to Shamrock, and filed a bankruptcy petition for Shamrock. The City moved for stay relief based in part on the sham nature the transaction and bankruptcy filing, the Office of the U.S. Trustee moved for dismissal because Shamrock did not retain counsel or comply with its obligations as a debtor.

The Court granted both motions. As discussed in the supporting declaration from Mr. Bubala, the Court asked whether it made sense to delay entry of the order of dismissal until after the City completed the sale of the Tulsa Club Building. The City and Office of the U.S. Trustee agreed such a procedure. The Court waived the local rule regarding the standard time periods to submit the written order dismissing the case. The Court itself raised the point that if the property owner remained in an open bankruptcy, the property could not be transferred or otherwise subject to another bankruptcy petition by the owner to stop the sheriff's sale again. Mr. Morony personally attended this hearing, was in attendance during the Court's pronouncement, and then tried to address the Court. (The Court declined the request since Shamrock is a business entity and Mr. Morony is not an attorney.)

The foreclosure sale was scheduled for January 15, 2013. Notwithstanding the fact that he no longer owned the Tulsa Club Building, and the owner, Shamrock, remained in an open bankruptcy case, Mr. Morony personally filed for bankruptcy. He then proceeded to notify the Tulsa County sheriff's department, which cancelled the sale out of concern about the automatic stay. In doing so, Mr. Morony purposefully sought to evade the Court's point in the Shamrock case that the case remain open until the sale was completed.

As to the explicit statutory basis for cause, Mr. Morony has failed to comply with the Court's order to show cause. 11 U.S.C. § 1112(b)(4)(E). The order directed Debtor "to appear and show cause why this case should not be dismissed for failure to comply with the credit counseling requirement of Section 109(h)(1). The Debtor shall file a response to this order to show cause" (Ct. Dkt. #9 at 2-3. The only papers filed in response to the order is a declaration from debtor's counsel, Mr. Thomas (Ct. Dkt. 17).

The declaration reads less like a response of the Debtor, and more of a defense of counsel concerned about his culpability in the filing.  As Mr. Thomas explained, he advised Mr. Morony of the requirement to obtain credit counseling but proceeded to file the petition at Mr. Morony's direction without prepetition credit counsel because he sought to "stop the sheriff's sale."  This point was explicitly made in the papers filed with the petition when Mr. Morony sought to explain the absence of credit counseling.

Mr. Thomas explicitly raised the attorney-client privilege to avoid further discussion of the matter.  The invocation of the attorney-client privilege is telling, given counsel's ethical obligations.  Mr. Thomas, as Mr. Morony's counsel, necessarily certified that the bankruptcy petition was "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and] the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  Fed. R. Bankr. P. 9011(b)(1)-(2).  Given the fact that the stay in Mr. Morony's case could not properly stop the sheriff's sale since property did not belong to his estate, as well as the provisions of Section 362(b)(20), Mr. Morony's petition still was filed with the explicit purpose of stopping the sale.

To the extent the declaration seeks to explain the filing, it is premised on hearsay and incorrect statements.  Mr. Thomas declared:  "The basis for the Shamrock ruling [for stay relief] was the failure of Shamrock to retain counsel to represent the LLC in the bankruptcy."  This is simply incorrectly based on the plain language of the stay relief order in the Shamrock case, attached to the City's motion for stay relief in this case.  The order specifically identifies the grounds for stay relief as cause under Section 362(d)(1), lack of equity and not necessary for reorganization under Section 362(d)(2), and transfer of property without consent of secured creditor in attempt to interfere with the creditor's rights under Section 362(d)(4).  As noted in Mr. Bubala's supporting declaration, those points were explicitly raised at oral argument, points absent from Mr. Thomas's declaration.

As another explicit statutory basis for cause, Mr. Morony has failed to satisfy timely any filing or reporting requirement.  11 U.S.C. § 1112(b)(4)(F).  Mr. Morony filed a skeleton petition.  The court clerk issued a notice of deficient filing.  More than 14 days have passed since Mr. Morony

filed his petition, and he has not filed the missing schedules and statements.

These points, as well as Mr. Morony's overall conduct, provide a proper basis to enjoin him from filing another bankruptcy petition for 180 days under Section 349(a), Section 109(g), Section 105, and the court's inherent power.  This Court has recognized that "bad faith [is] inherent in filing a chapter 11 case for a newly formed entity to which real property had been recently transferred in an effort to thwart foreclosure of those properties."  Adelson v. Smith (In re Smith), 389 B.R. 902, 923 (Bankr. D. Nev. 2008) (Markell, J.).  That is exactly what Mr. Morony did in creating Shamrock, transferring the property to it, and filing its bankruptcy petition.  He has continued that misconduct by filing his own bankruptcy petition.  His conduct also satisfies all the badges of bad faith identified by the Ninth Circuit in *Leavitt*: (1) whether the debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, or filed his petition in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present.  171 F.3d at 1224.

The injunction also should apply to any special purpose entity created by Mr. Morony in attempt to segregate his assets.  The scope of the injunction may properly extend to "restrain[ a debtor from] conveying the property in question to a 'strawman' who then filed for bankruptcy relief, and that, if such a transfer takes place, the automatic stay relating to that 'strawman' bankruptcy, or any such subsequent 'strawman' bankruptcies, are likewise lifted as to the plaintiff … both as to the holding of a foreclosure sale and subsequent unlawful detainer proceedings."  *Community Thrift & Loan v. Davis (In re Wong)*, 30 B.R. 87, 89 (Bankr. C.D. Cal. 1983), *cited favorably by Modica v. Ozone Park Funding Assocs.*, 442 B.R. 189, 193 (E.D.N.Y. 2010).

| Dated this 24th day of January, 2013 | ARMSTRONG TEASDALE LLP |
|---|---|
| | By: /s/Louis M. Bubala III |
| | LOUIS M. BUBALA III, ESQ. |
| | Attorneys for City of Tulsa |

6

**CERTIFICATE OF SERVICE**

On January 29, 2013, I served the following document(s):

**RESPONSE TO ORDER TO SHOW CAUSE, WITH CERTIFICATE OF SERVICE**

    2.    I served the above-named document(s) by the following means to the persons as listed below:

    ■ a.    **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

LOUIS M. BUBALA on behalf of Creditor CITY OF TULSA, OKLAHOMA
lbubala@armstrongteasdale.com, bsalinas@armstrongteasdale.com

TIMOTHY P. THOMAS on behalf of Debtor CARL MORONY
TTHOMAS@TTHOMASLAW.COM, veralynn@tthomaslaw.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

    ■ b.    **United States mail, postage fully prepaid** (list persons and addresses):

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of January, 2013.

| Barbara Salinas | /s/ Barbara Salinas |
|---|---|
| Name | Signature |